UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA FREEMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>CARDINAL HEALTH PHARMACY SERVICES, LLC dba CARDINAL HEALTH; BHC SIERRA VISTA HOSPITAL, INC. dba SIERRA VISTA HOSPITAL; BRAD MATHIS; and DOES 1 through 50, inclusive,<br><br>        Defendants. | No.  2:14-cv-01994-JAM-KJN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND REMAND** |

Plaintiff Gloria Freeman ("Plaintiff") alleges that the pharmacy where she worked terminated her employment in retaliation for her complaints about patient and staff safety. Plaintiff now moves to amend the complaint to add the hospital where the pharmacy was located as a defendant. For the reasons stated below, the Court grants the motion and remands the case to state court.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 25, 2015.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff worked for Defendant Cardinal Health Pharmacy Services ("Defendant") in Sierra Vista Hospital ("Sierra Vista") as Director of Pharmacy. FAC ¶ 8. At the alleged direction of Sierra Vista's CEO, Michael Zauner ("Zauner"), Plaintiff participated in "management rounds" with the hospital's psychiatric patients. FAC ¶ 10. During rounds, she experienced "violent incidents," one of which caused her to hurt her knee. FAC ¶¶ 10, 21.

After the injury, Plaintiff requested that Defendant and Sierra Vista accommodate her by allowing her to use crutches and to relocate "important items" in the pharmacy. FAC ¶¶ 22, 31, 36. These requests were denied and Plaintiff instead went on medical leave. See FAC ¶¶ 24, 28. Plaintiff asked to return to work with accommodations, but this request was also denied. FAC ¶¶ 36-37. The next day, Plaintiff's supervisor informed her that Defendant was terminating her employment at the conclusion of her leave. FAC ¶ 37.

Plaintiff claims that she was terminated because of her complaints about dangerous hospital conditions, including "placing untrained staff . . . in contact with sometimes violent psychiatric patients" and other complaints she had made about salary discrepancies between men and women, improper storage of medications, and electrical failures. FAC ¶¶ 11, 17-20, 49, 64-65.

Plaintiff sued Defendant, her supervisor, and Sierra Vista in state court alleging eight causes of action (Doc. #1). Sierra Vista demurred, and Plaintiff responded by voluntarily dismissing

2

Sierra Vista from the action. See Havey Decl. Exh. E. Plaintiff's attorney advised opposing counsel at the time that, "We may wish to amend the complaint again as discovery progresses, but at this point, your demurrer was well taken." Id.

Two months later, Defendant removed the case to this Court (Doc. #1). Discovery commenced, including the deposition of Zauner. See Boucher Decl. ¶¶ 12-15. Plaintiff represents that this deposition produced sufficient facts to support her original claim against Sierra Vista, and now moves for leave to amend to add Sierra Vista as a defendant (Doc. #6). Because adding Sierra Vista would destroy diversity, Plaintiff also moves for remand (Doc. #6). Defendant opposes amendment and remand (Doc. #7).

## II.  OPINION

### A.  Legal Standard

Generally, a court assesses subject matter jurisdiction as it existed at the time of removal. See Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985). But "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998) ("[T]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court."). "Plaintiffs may not circumvent [section] 1447(e) by relying on Fed. Rule Civ. Proc. 15(a) to join non-diverse parties." Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167,

1  1173 (E.D. Cal. 2011) (citing Clinco v. Roberts, 41 F. Supp. 2d
2  1080, 1086 (C.D. Cal. 1999)).  The Court therefore considers
3  Plaintiff's proposed amendment under section 1447(e) rather than
4  15(a).  Accord McGrath v. Home Depot USA, Inc., 298 F.R.D. 601,
5  607 (S.D. Cal. 2014).
6       Courts consider numerous factors in deciding whether to
7  allow joinder under section 1447(e), including (1) whether the
8  party to be joined is a necessary party under Federal Rule of
9  Civil Procedure 19(a); (2) whether the statute of limitations
10 would prevent the plaintiff from filing a new action against the
11 defendant she hopes to join; (3) whether there has been an
12 "unexplained delay in seeking the joinder"; (4) whether the
13 plaintiff's purpose is solely to defeat federal jurisdiction;
14 (5) whether the claim against the new defendant "seems valid";
15 (6) "possible prejudice" to the existing parties; and (7) the new
16 defendant's "notice of the pending action."  See Hardin, 813 F.
17 Supp. 2d at 1173-74 (quoting Oum v. Rite Aid Corp., 2009 WL
18 151510, at *3 (C.D. Cal. Jan. 20, 2009)) (quotation marks
19 omitted).
20      B.   Discussion
21           1.   Necessary Party
22      Plaintiff argues that Sierra Vista is a necessary party
23 under Rule 19, because the matter "cannot be fully adjudicated"
24 without the hospital.  Reply at 1:22.  Defendant counters that
25 that Sierra Vista does not fall under this rule because "[t]here
26 is no overlap between parties or causes of action[.]"  Opp. at
27 8:6.
28 ///

Sierra Vista is not a necessary party. Plaintiff appears to argue that Sierra Vista falls under Rule 19(a)(1)(A), which defines a party as necessary if, "in that person's absence, the court cannot accord complete relief among existing parties[.]" "In considering the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." Disabled Rights Action Comm. v. Las Vegas Events, Inc., 357 F.3d 861, 879 (9th Cir. 2004). This standard is "concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." Brum v. Cty. Of Merced, 2013 WL 2404844, at *5 (E.D. Cal. May 21, 2013) (quoting Eldredge v. Carpenters 46 N. Cal. Ctys. Joint Apprenticeships & Training Comm., 662 F.2d 534, 537 (9th Cir. 1981)) (quotation marks omitted).

Plaintiff here seeks only money damages. See FAC at 19. And she has given no indication that an order binding Sierra Vista is required to achieve this relief from the existing Defendants. See Disabled Rights Action Comm., 357 F.3d at 880 ("These forms of relief, which are neither hollow nor meaningless, would be available with or without [the new party's] participation.") (citations omitted). Sierra Vista is not, therefore, necessary to provide complete relief among the existing parties. This factor weighs in favor of denying joinder.

####    2.    Statute of Limitations

The parties agree that the statute of limitations has not yet run, such that Plaintiff could file her claims against Sierra

Vista in a separate case. This factor too weighs against joinder.

### 3. Delay in Seeking Joinder

The parties dispute whether Plaintiff improperly delayed bringing this motion. Defendant contends that Plaintiff should have attempted to keep Sierra Vista in the action in state court rather than waiting until removal to file this motion. See Opp. at 8. Plaintiff asserts that she sought this amendment within a reasonable amount of time after discovery revealed the nature of Sierra Vista's role in her employment and termination. See Mot. at 11; Reply at 2.

The Court agrees with Plaintiff. The following timeline illustrates that Plaintiff has diligently pursued joinder:

- In March 2014, Sierra Vista demurred in state court, Boucher Decl. ¶ 9;
- In June 2014, Plaintiff voluntarily dismissed Sierra Vista, advising opposing counsel by email that "your demurrer was well taken[,]" but Plaintiff "may wish to amend the complaint again as discovery progresses," Havey Decl. Exh. E;
- In August 2014, Defendant removed the case, see Not. of Removal (Doc. #1);
- In October 2014, Plaintiff subpoenaed Zauner and the parties agreed to conduct his deposition in December 2014, Boucher Decl. ¶¶ 14-15. Plaintiff contends that information learned in this deposition forms the basis of the proposed amended claims against Sierra Vista. Mot. at 11. This contention is supported by the record, in

6

1         that Zauner testified about the employment relationship
2         between Sierra Vista and the Director of Pharmacy
3         position, which is now reflected in the proposed amended
4         complaint.  See Boucher Decl. Exh. E; Proposed SAC ¶¶ 42-
5         53;
6    • In February 2015, Plaintiff sought a stipulation to add
7         Sierra Vista and file the amended complaint, Boucher
8         Decl. ¶ 16;
9    • Three days after Defendant declined to stipulate,
10        Plaintiff filed this motion to amend, see id.
11 This timeline evidences no unexplained delay, so this factor
12 weighs in favor of allowing joinder.
13             4.   Purpose to Defeat Jurisdiction
14      Defendant asserts that Plaintiff's "underlying motive is to
15 destroy diversity and delay the case."  Opp. at 9:24.  This
16 motive is apparent, according to Defendant, because Plaintiff had
17 the necessary information to "raise the theory at the time she
18 filed her initial pleading[.]"  Opp. at 9:20-21.  But as
19 discussed above, the record supports Plaintiff's contention that
20 she first learned essential facts about Sierra Vista during
21 Zauner's deposition.  The parties' correspondence also
22 demonstrates that Plaintiff's counsel candidly acknowledged that
23 there were not enough facts to support a claim against Sierra
24 Vista in June 2014, and disclosed their intention to seek facts
25 supporting amendment.  See Havey Decl. Exh. E; id. Exh. I (email
26 from Plaintiff's attorney dated Sept. 10, 2014) ("Be advised that
27 Plaintiff may still amend, adding additional facts which may
28 include Sierra [Vista] or other causes of action.").  Plaintiff

                                   7

is now simply following through with her stated intention.  This factor therefore supports joinder.

### 5. Validity of Claims

The parties urge the Court to scrutinize the proposed amended complaint and Zauner's deposition testimony to determine whether Plaintiff can ultimately succeed in a dual-employer liability theory.  Mot. at 16-19; Opp. at 10-14.  But this is not a motion to dismiss or a motion for summary judgment; under section 1447(e), the Court need only determine whether the claim "seems" valid.  See Hardin, 813 F. Supp. 2d. at 1174; IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1012-13 (N.D. Cal. 2000).  Defendant asserts that the Court should consider whether the amended complaint "could be defeated by a motion to dismiss" and whether "Plaintiff cannot prevail on the merits."  Opp. at 10.  But that is not the standard under section 1447(e) and the cases Defendant cites do not interpret 1447(e).  See Mot. Opp. at 10; Lockheed Martin Corp. v. Network Solns, Inc., 194 F.3d 980 (9th Cir. 1999); Smith v. Commanding Officer, Air Force Accounting & Finance Center, 555 F.2d 234 (9th Cir. 1977); Weber v. Time Warner, Inc., 2006 WL 681032 (W.D. Wash. Mar. 15, 2006).

Applying the proper standard, the Court determines that the new claim against Sierra Vista "seems valid."  This claim alleges a violation of California Health and Safety Code section 1278.5, which prohibits a "health facility" from "retaliat[ing], in any manner, against any patient, employee, member of the medical staff, or any other health care worker of the health facility because the person has . . . [p]resented a grievance, complaint

or report to the facility . . . or the medical staff of the facility . . . ." Cal. Health & Safety Code § 1278(b)(1). Retaliation can include "discharge, demotion, suspension, or any unfavorable changes in, or breach of, the terms or conditions of a contract, employment, or privileges of the employee, member of the medical staff, or any other health care worker of the health care facility, or the threat of any of these actions." Cal. Health & Safety Code § 1278(d)(2).

Plaintiff's amended complaint alleges that she reported unsafe conditions to Sierra Vista and because of those reports, Sierra Vista denied her valid requests for accommodation, and ultimately directed her termination. Proposed SAC ¶¶ 11, 16, 19, 22, 28, 31, 37, 45. This claim appears valid, and so this factor weighs in favor of granting the amendment.

### 6. Prejudice

Both parties assert that they will suffer prejudice if the Court does not resolve the motion in their favor. Defendant argues that amendment would require "new and additional discovery after [it] has completed its written discovery." Opp. at 15:11-12. But Defendant has not explained what additional discovery is needed, or why doing additional discovery would be prejudicial since discovery is still open. See Pre-trial Scheduling Order at 3. Defendant also contends that "it relied on Plaintiff's statement . . . on September 10, 2014, that she would not seek a stipulation to add Sierra Vista back into the litigation." Opp. at 15:15-16. But Defendant misconstrues the September 10th exchange, in which Plaintiff's counsel advised that she "may still amend, adding additional facts which may include Sierra

9

[Vista] or other causes of action." Havey Decl. Exh. I.  Because Plaintiff had made her intention to join Sierra Vista clear all along, the Court finds that Defendant will not suffer prejudice.

Plaintiff contends that she will be prejudiced if the court denies amendment because of the possibility of inconsistent outcomes.  Mot. at 15; Reply at 5.  The Court is not persuaded, however, that Plaintiff will suffer any such prejudice.  Indeed, the single cause of action she seeks against Sierra Vista is independent of her claims against Cardinal Health.

Because neither party is likely to suffer prejudice based on the outcome of this motion, this factor is neutral.

### 7. New Defendant's Notice

The parties did not address this factor, but it weighs in favor of amendment.  Sierra Vista has had notice of this action because it used to be a party to the state court action and because its CEO has already been deposed.

\* \* \*

As described above, four of the seven factors weigh in favor of allowing joinder.  Two factors weigh in favor of denying joinder and one factor is neutral.  The Court therefore exercises its discretion to permit joinder and remand this action to state court.

## III. ORDER

The Court GRANTS Plaintiff's motion to amend and remand.

IT IS SO ORDERED.

Dated: April 30, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE